# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **BARRY LACURIS RIDEOUT** | **CIVIL ACTION NO. 08-1864-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN STEVE RADER** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Barry Lacuris Rideout ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on November 24, 2008. Petitioner is incarcerated at the Dixon Correctional Institute in Jackson, Louisiana. He challenges his state court convictions and sentences. He names Warden Steve Rader as respondent.

Petitioner was convicted of one count of aggravated rape and one count of molestation of a juvenile in Louisiana's First Judicial District Court, Parish of Caddo. Subsequently, he was sentenced to life imprisonment as to the aggravated rape conviction and ten years imprisonment as to the molestation of a juvenile conviction.

In support of this petition, Petitioner alleges (1) La. R.S. 14:42(A)(4) is unconstitutional, (2) the trial court denied his request for jury instructions, (3) the evidence was insufficient to support his conviction for aggravated rape, (4) he received ineffective

assistance of trial counsel, (5) he received ineffective assistance of appellate counsel, (6) Louisiana Post Conviction Relief Title XXX1-A is unconstitutional, and (7) his sentence is excessive.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies and his request for a stay should be denied.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner admits that he has not exhausted all available state court remedies prior to filing his petition in this Court. Plaintiff admits he has an out of time supervisory remedial writ of review pending in the Supreme Court of Louisiana. He further admits that he filed an application for post conviction relief in the state court on November 19, 2008. Plaintiff claims the state court failed to file this application. [Docs. 1 and 7]. Thus, Petitioner has failed to properly exhaust his state court remedies prior to filing his petition in this Court.

Petitioner has requested that this Court stay his federal habeas petition until he exhausts his state court remedies. He claims he had to file this petition and his application for post conviction relief in the state court simultaneously because the one year limitation imposed by ADEPA was days away from elapsing. Petitioner claims the Louisiana Second Circuit Court of Appeal denied his appeal on October 31, 2007. He claims he did not receive notification of judgment from his appellate counsel until approximately three and a half months later on February 14, 2008. He claims he was unable to timely file a writ of review in the Supreme Court of Louisiana because of his attorney's failure to notify him of the judgment of the Louisiana Second Circuit Court of Appeal. Petitioner also claims that although Louisiana law allows him two years to file his application for post-conviction relief, federal law only allows him one year to file his federal petition for writ of habeas corpus.

This Court recognizes that it has discretion to abate the proceedings rather than dismiss them when the AEDPA limitations period will preclude the refiling of a federal proceeding after a petitioner has properly exhausted state remedies. Brewer v. Johnson, 139 F.3d 491(5th Cir. 1998). However, a stay is proper only in "limited circumstances" when the district court

finds that: (1) there was good cause for failure to exhaust the claims; (2) the claims are not plainly meritless; and (3) there is no indication that the failure was for the purpose of delay. See Rhines v. Webber, 544 U.S. 269, 277, (2005).

The Court finds that a stay is not proper because Petitioner fails to demonstrate good cause for his failure to exhaust his state court remedies prior to filing his petition for a writ of habeas corpus in this Court. Petitioner waited nine months to file an out of time remedial writ in the Supreme Court of Louisiana and an application for post-conviction relief in the state trial court. Furthermore, Petitioner's time limit for filing a state application for post conviction relief had not expired at the time that he filed this petition and the federal limitation period is tolled while a **properly** filed application for post-conviction relief is **pending** in state court. See 28 U.S.C.A. § 2244(d)(2).

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies and his motion to stay his federal habeas corpus petition be **DENIED**.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 14th day of September 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE